IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALBERT L. HOWARD,

                                                      ORDER

                    Petitioner,

                                                11-cv-793-bbc

    v.

ROBERT HUMPHRIES, Warden
Kettle Moraine Correctional Institution,

                    Respondent[1].

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 2, 2012, I entered an order staying the petition to allow petitioner the opportunity to exhaust a then-pending state court motion for post-conviction DNA testing under Wis. Stat. § 974.07 and "any related state collateral review and postconviction proceedings." Dkt. # 11.  Petitioner has now filed a letter to the court dated July 20, 2015, dkt. # 13, in which he states that he exhausted his state court remedies on his DNA testing and newly-discovered evidence motions on June 12, 2015, when the Wisconsin Supreme Court denied his petition for review.  However, he states that he is now in the process of exhausting a claim of ineffective assistance of appellate counsel by way of a Knight petition in the Wisconsin Court of Appeals.  State v. Knight, 168 Wis. 2d 509, 520, 484 N.W. 2d 540,

---

[1] Since the date he filed his initial petition Pursuant to Rule 25

1

544 (1992) (claims of ineffective assistance of counsel on direct appeal should be raised in habeas corpus petition filed in appellate court that heard appeal). Petitioner asks two questions: 1) whether his ineffective assistance of appellate counsel claim can be raised in a federal habeas petition; and 2) if so, whether his federal petition will continue to be held in abeyance while he exhausts his state court remedies with respect to that claim.

I construe petitioner's questions as a request to reopen this case solely for the purpose of modifying the March 2, 2012 order to permit him to exhaust state court remedies related to a claim of ineffective assistance of appellate counsel. That request will be granted. A claim of ineffective assistance of appellate counsel is a claim that can be raised in a federal habeas petition. Evitts v. Lucey, 469 U.S. 387, 396 (1985) (recognizing the constitutional right to the effective assistance of counsel on first appeal as of right). Principles of comity, finality and federalism militate in favor of allowing petitioner to exhaust that claim before this court adjudicates his pending habeas petition. Accordingly, the petition shall remain in abeyance pending exhaustion of petitioner's state court remedies with respect to his ineffective assistance of appellate counsel claim.

Petitioner should be aware that in making this order, I have made no determination about the merits or timeliness of the ineffective assistance claim. In the event petitioner exhausts his state court remedies and files an amended petition that includes his newly-exhausted claims, the state will be free to challenge the claims on any ground.

ORDER

Petitioner's request to reopen this case solely for the purpose of modifying the order of March 2, 2012 is GRANTED. The order is modified to reflect that petitioner's case shall remain in abeyance until petitioner has exhausted his state court remedies with respect to his claim of ineffective assistance of appellate counsel.

Entered this 10th day of September, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge